UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED FELEKI MARTINEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TARRANT, et al.,<br><br>　　　　Defendants. | No.  2:23-cv-01218 DB P<br><br><br>ORDER |

　　　Plaintiff, a state inmate, proceeds without counsel and seeks relief under 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's complaint filed on June 23, 2023, is before the court for screening. (ECF No. 1.) The complaint states an Eighth Amendment excessive force claim against each of the four named defendants. Within 30 days, plaintiff must inform the court whether he will proceed with these claims or file an amended complaint.

**I.      In Forma Pauperis**

　　　Plaintiff seeks to proceed in forma pauperis. (ECF No. 2.) Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a). The motion is granted.

　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). The order will direct the appropriate

1

1 agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the
2 Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of 20% of
3 the preceding month's income credited to plaintiff's prison trust account. These payments will be
4 forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's
5 account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.     Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. The facts alleged must "give the defendant fair notice of what the... claim is and the grounds upon which it rests." Id. In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

27 ////
28 ////

**III.     Allegations in the Complaint**

On Friday, June 10, 2022, at CMF-Vacaville, Sgt. Tarrant came to plaintiff's cell and demanded that plaintiff take down window coverings. (ECF No. 1 at 6.)  Plaintiff took down one of two window coverings so that Tarrant could clearly see him. (Id.) Tarrant stated "I'm going to tell you one more time to take down the paper or we're coming in." (Id.) Plaintiff asked to speak to mental health. (Id.) When Tarrant said no, plaintiff covered his window again. (Id.)

Officers Martinez, Sosa, and Kenoly performed a cell extraction. (ECF No. 1 at 6-7.) When the cell door opened, an officer rammed the shield at plaintiff even though plaintiff was not being combative. (Id. at 7.) Plaintiff fell back, landed on the ground, and was punched in the face and head by Officer Sosa and Officer Kenoly while someone yelled "is this what you want?". (Id.) Plaintiff was handcuffed while Kenoly was still punching him. (Id.) Someone yelled "Greenwall you piece of shit" and plaintiff was kicked in the face and passed out. (Id. at 8.) When plaintiff woke up, he was in the dayroom in a wheelchair. (Id.)

There was no cooldown period prior to the cell extraction because Tarrant was adamant in using force. (ECF No. 1 at 8.) Tarrant had an obligatory duty to stop her officers from assaulting plaintiff and each officer had a duty to intervene. (Id.) No one was ever called from mental health for plaintiff. (Id.) Plaintiff believes his mental illness is part of the reason for the cruel treatment. (Id. at 10.)

**IV.     Discussion**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a deprivation of a constitutional right or federal law under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff states cognizable claims under the Eighth Amendment for excessive force against the defendants.

**A.     Excessive Force**

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); U.S. Const. amend. VIII. In order to state a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force maliciously and

3

1 sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline.
2 Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); see also Clement v. Gomez, 298 F.3d 898, 903 (9th
3 Cir. 2002). The relevant factors may include (1) the need for application of force, (2) the
4 relationship between that need and the amount of force used, (3) the threat reasonably perceived
5 by the responsible officials, and (4) any efforts made to temper the severity of a forceful response.
6 Hudson, 503 U.S. at 7.

A prison official's failure to protect an inmate from injury inflicted by other prison guards violates the Eighth Amendment when the official fails to intervene with deliberate indifference to a serious risk of harm to the prisoner's health and safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994); Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995). Such a failure to intervene can support an excessive force claim where the bystander officers had a realistic opportunity to intervene but failed to do so. See Lolli v. County of Orange, 351 F.3d 410, 418 (9th Cir. 2003).

Here, the complaint alleges facts suggesting defendants Sosa and Kenoly used far more force than would have been appropriate for a good-faith effort to maintain or restore discipline. The complaint also adequately alleges facts from which the court infers that both defendants Tarrant and Martinez were present, with a reasonable opportunity to stop further harm to plaintiff, and that they failed to do so. Thus, plaintiff states a claim for relief under the Eighth Amendment for excessive force against each named defendant.

**B.    No Other Cognizable Claims**

The complaint mentions discrimination as a claim plaintiff seeks to bring based on plaintiff's belief he was discriminated against because he has a mental illness. (ECF No. 1 at 5.) However, the complaint fails to state a claim.

First, the complaint does not set forth any facts to support a claim under the Americans with Disabilities Act. See 42 U.S.C. § 12132 ("[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."); see also Duvall v. Cty. of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001), as amended on denial of reh'g (Oct. 11, 2001). Nor do the allegations support a claim for a violation of the Equal

Protection Clause of the Fourteenth Amendment, which requires a plaintiff to show the defendants acted with intent to discriminate based upon the plaintiff's membership in a protected class. Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). Mental illness is not a suspect or quasi-suspect class. See Heller v. Doe by Doe, 509 U.S. 312, 321 (1993). For these reasons, plaintiff does not state a claim based on allegations of discrimination based on mental illness.

### V.  Conclusion and Order

Plaintiff may use the attached form to notify the court whether he will proceed on the complaint as screened with the Eighth Amendment excessive force claims against the defendants or amend the complaint. Following receipt of a notice from plaintiff electing to proceed on the complaint as screened, the court will order service on the defendants.

If plaintiff chooses to file an amended complaint, he has thirty days so to do. This opportunity to amend is not for the purposes of adding new and unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Local Rule 220 requires that an amended complaint be complete without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). The amended complaint should be titled "First Amended Complaint" and should reference the case number.

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action as set forth by separate order.

3. The Clerk's Office shall send plaintiff a blank civil rights complaint form.

4. The complaint (ECF No. 1) states claims for relief under 42 U.S.C. § 1983 against defendants Sosa, Kenoly, Tarrant, and Martinez for excessive force in violation of the Eighth Amendment. No other claims are stated, but plaintiff is granted leave to amend.

5. Within thirty (30) days of the date of this order plaintiff shall notify the court how he chooses to proceed. Plaintiff may use the form included with this order for this purpose.

6. Plaintiff is warned that failure to respond to this order will result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute.

Dated: March 21, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
mart1218.scrn

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED FELEKI MARTINEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>TARRANT, et al.,<br><br>    Defendants | No. 2:23-cv-01218 DB P<br><br>PLAINTIFF'S NOTICE OF ELECTION |

Check one:

\_\_\_\_\_    Plaintiff wants to proceed on his claims against defendants Sosa, Kenoly, Tarrant, and Martinez for excessive force in violation of the Eighth Amendment. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing any other legal claims.

\_\_\_\_    Plaintiff wants to amend the complaint.


DATED:_____        _____

                                                                            Fred Feleki Martinez
                                                                            Plaintiff pro se