UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED FELEKI MARTINEZ, | No. 2:23-cv-1218 SCR P |
| Plaintiff, | |
| v. | ORDER |
| TARRANT, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the court appoint counsel. District courts lack authority under 28 U.S.C. §1915 to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request that an attorney voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library

access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Beyond § 1915(e)(1), other sources of law may implicate a request for counsel. For example, appointed counsel may be required in a civil proceeding as an accommodation for a litigant who is disabled. See Franco-Gonzalez v. Holder, No. 10-cv-02211 DMG (DTBx), 2013 WL 3674492, at *3-*9 (C.D. Cal. Apr. 23, 2013) (granting summary judgment to class of mentally disabled individuals in civil immigration proceedings on their request for appointed representatives under the Rehabilitation Act). Due process may also require appointment of counsel in certain proceedings. See Turner v. Rogers, 564 U.S. 431, 444-45 (2011) (analyzing request for appointment of counsel in civil proceeding under the Mathews v. Eldridge, 424 U.S. 319 (1976), procedural due process framework).

Plaintiff requests appointment of counsel on account of his "severe mental illness that at times has [plaintiff] moved to psychiatric facilities in CDCR." ECF No. 32 at 1. He claims to "suffer from audio/visual hallucinations," suicidality, and a disability "to where I don't know or am not aware of reality." Id. Plaintiff further claims to have been diagnosed as "schizoaffective bipolar, anti-social with suicidal ideations." Id. He notes that even in drafting the instant motion he is "trying my best to be coherent and I'm struggling to stay on track." Id.

Attached to plaintiff's request is a completed "Inmate Request for Assistance from the Court," a form that appears to have been created by CDCR to satisfy obligations under long-running civil rights actions pursuant to the Americans with Disabilities Act (ADA). Id. at 3. That form notes that a CDCR senior librarian "assisted" plaintiff "in scribing this letter"—referring to the form itself—and represents "[t]he above named inmate is unable to effectively communicate with the court or fully prosecute this action due to his/her claimed disability." Id. The form indicates a requested accommodation of appointment of counsel. Id. The senior librarian signed the form. Id. While the court does not understand the form to constitute a determination by CDCR that plaintiff qualifies as disabled under the ADA, it lends credibility to the idea that plaintiff has a legally-recognizable mental disability.

////

Depending on severity, plaintiff's mental illness may be an exceptional circumstance that warrants the court to seek out counsel under § 1915(e)(1).  Moreover, if plaintiff is disabled, appointment of counsel (or some other safeguard) may be required as an accommodation to ensure plaintiff's meaningful access to court.  However, the materials plaintiff has submitted are insufficient to evaluate the extent of his current limitations, particularly given that he successfully stated a claim on which relief could be granted in this case, is currently litigating five other active cases in this district, and is currently imprisoned at CSP-Sacramento, rather than the California Health Care Facility, where he was imprisoned during earlier stages of the case.  In order to better evaluate plaintiff's request for counsel, plaintiff shall submit a further brief explaining what steps he has taken during the discovery process thus far, any challenges he is facing with respect to the discovery process, and information about his current course of treatment for his mental illness.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Within **30 days,** plaintiff shall submit a further brief explaining what steps he has taken during the discovery process thus far, any challenges he is facing with respect to the discovery process, and information about the current course of treatment for his mental illness.  Plaintiff may include supporting documents attached to the brief with any information he believes is relevant to this issue.
2. The Clerk of the Court shall file any further brief and associated supporting documents under seal.

After receiving this further information, the Court will either rule on plaintiff's motion for the appointment of counsel or seek yet more information.

DATED: December 19, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3