UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED FELEKI MARTINEZ, | No. 2:23-cv-01218 SCR P |
| Plaintiff, | |
| v. | ORDER |
| TARRANT, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with claims under 42 U.S.C. § 1983. Plaintiff's motion to appoint counsel is before the court. (ECF No. 32.) The court also construes plaintiff's recent letter (ECF No. 35) as a motion to modify the discovery and scheduling order ("DSO").

**MODIFICATION OF DISCOVERY AND SCHEDULING ORDER**

Defendants answered plaintiff's complaint on October 4, 2024. (ECR No. 30.) The undersigned then issued a DSO on October 16, 2024. (ECF No. 31.) Pursuant to that order, discovery in this matter closed on February 7, 2025, and dispositive motions are due by May 2, 2025. (Id.) On February 14, 2025, plaintiff filed a letter informing the court and defendants that he did not receive the DSO until February 7, 2025, the day discovery closed. (ECF No. 36.)

The court construes plaintiff's letter (ECF No. 35) as a motion to modify the DSO. Under

1

Rule 16(b) of the Federal Rules of Civil Procedure, "good cause" is required for modification of a court's pretrial scheduling order.  Fed. R. Civ. P. 16(b)(4).  Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." Zivokovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at, 609). In determining whether good cause exists to reopen discovery, courts may consider a variety of factors, such as: (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the court, and (6) the likelihood that the discovery will lead to relevant evidence.  U.S. ex rel. Schumer v. Hughes Aircraft Co., 63 F.3d 1512, 1526 (9th Cir. 1995), vacated on other grounds, 520 U.S. 939 (1997).

The docket reflects that plaintiff submitted a change of address on January 13, 2025, after transferring to the California Health Care Facility, Stockton ("CHCF").  (ECF No. 34.)  The court then re-served the DSO and Local Rules on plaintiff at CHCF on February 3, 2025.  (See Docket.)  Therefore, the undersigned finds that plaintiff's delayed receipt of the DSO was not due to his lack of diligence.  However, the court needs to hear from defendants to complete the Rule 16 inquiry.  Within ten (10) days, defendants shall file a statement of non-opposition or objections to modifying the DSO.  Any statement of non-opposition shall include proposed deadlines for the close of discovery and the filing of pre-trial motions.

## MOTION TO APPOINT COUNSEL

Plaintiff filed a motion to appoint counsel on December 9, 2024.  (ECF No. 32.)  On December 20, 2024, the undersigned ordered plaintiff to "submit a further brief explaining what steps he has taken during the discovery process thus far, any challenges he is facing with respect to the discovery process, and information about the current course of treatment for his mental illness …. After receiving this further information, the Court will either rule on plaintiff's motion for the appointment of counsel or seek yet more information."  (ECF No. 33.)  Plaintiff submitted

1  the brief under seal on January 29, 2025. (ECF No. 35.)

2  District courts lack authority under 28 U.S.C. § 1915 to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request that an attorney voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Wood, 900 F.2d at 1335; Riley v. Franke, 340 F. Supp. 3d 783, 787 (E.D. Wis. 2018).

Beyond § 1915(e)(1), other sources of law may implicate a request for counsel. For example, appointed counsel may be required in a civil proceeding as an accommodation for a litigant who is disabled. See Franco-Gonzalez v. Holder, No. 10-cv-02211 DMG (DTBx), 2013 WL 3674492, at *3-*9 (C.D. Cal. Apr. 23, 2013) (granting summary judgment to class of mentally disabled individuals in civil immigration proceedings on their request for appointed representatives under the Rehabilitation Act). Due process may also require appointment of counsel in certain proceedings. See Turner v. Rogers, 564 U.S. 431, 444-45 (2011) (analyzing request for appointment of counsel in civil proceeding under the Mathews v. Eldridge, 424 U.S. 319 (1976), procedural due process framework).

After careful review of plaintiff's brief filed under seal, the undersigned denies plaintiff's motion for appointment of counsel. There is no evidence in the record that plaintiff has encountered difficulties with discovery or other aspects of his case, especially where he has not engaged in discovery yet because of the aforementioned issues with mail service. The dismissal is without prejudice, and plaintiff may seek appointment of counsel at a later point in the case. Plaintiff is reminded that any motion must explain in detail what exceptional circumstances are

present or how his disabilities affect his "ability to meaningfully participate" in the prosecution of his case. See Franco-Gonzalez, 2013 WL 3674492, at *5.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. Within ten (10) days, defendants shall file a statement of non-opposition or objections to modifying the discovery and scheduling order (ECF No. 31). Any statement of non-opposition shall include proposed deadlines for the close of discovery and the filing of pre-trial motions.

2. Plaintiff's motion for appointment of counsel (ECF No. 32) is denied without prejudice.

DATED: February 27, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE